## J. E. McBRIDE *v.* J. A. HOFFMAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—673.]

**Judgment of Sale Acquiesced in.**

>   Where a judgment for the sale of real estate wrongfully provided
> for the appraisal of the property, but no objection is made to it,
> and an appraisement is made and the property sold and bid in with
> notice that a right to redeem within twelve months was in effect
> reserved in the judgment, neither the owner nor purchaser can
> afterward insist upon a change of the terms of sale, and the court
> has no power at a subsequent term to modify the judgment.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 25, 1886.

OPINION BY JUDGE LEWIS:

In the judgment for the sale of the land in contest the commissioner was directed to cause the property first to be appraised, as required by law. As appears from his report filed at the January term, 1885, of course the commissioner before making this sale did cause the land to be appraised in pursuance of the act of the legislature providing for the redemption of real estate sold under an order or judgment of court, approved April 9, 1878. But it seems that although the land sold for less than two-thirds of its appraised value the sale was confirmed, a deed was by direction of the court made to the purchaser, and an order made for a writ of possession in his favor at the same term of court the report was filed and before the expiration of twelve months from the date of sale.

The debt to satisfy which the land was sold, it is true, was created in 1874, before the passage of the act referred to, which this court in the case of *Collins, Admr. v. Collins,* 79 Ky. 88, 1 Ky. L. (Abstract) 323, held to be unconstitutional so far as applicable to pre-existing debts. But in that case there was no appraisement nor direction in the judgment for an appraisement of the property previous to the sale, and the defendant excepted to the report of sale on the ground that the land had not been sold as required by the act of 1878, and appealed from the judgment overruling his exceptions and confirming the report of sale. But here the judgment, rendered without objection by the plaintiff, provided for an

appraisement, which was actually made before the sale took place, and the purchaser bid for and bought the property with notice that a right to redeem within twelve months was, in effect, reserved in the judgment to the defendant. While, as settled by this court, the defendant in this case could not as a matter of right have required the judgment to provide for an appraisement and redemption, still as the property was sold with that condition annexed, to which both the plaintiff and purchaser assented, we think neither of them could afterward insist upon a change of the terms of sale to the prejudice of the defendant. As the judgment gave to the defendant the right to redeem, the court had no power at a subsequent term to modify it in the manner it was done, especially when the effect was to take from the defendant a right already secured to him.

The judgment to the extent that it directed an absolute deed to be made to the purchaser and a writ of possession to issue in his favor is therefore *reversed* and the cause remanded with directions to give the defendant a reasonable time after the filing of the mandate in which to tender the purchase money, and upon the terms prescribed in the act of 1878 referred to.

*S. S. Sizmore, for appellant.*

*A. P. Dudley, for appellees.*